**BOHM, MATSEN, KEGEL & AGUILERA, LLP**
A. Eric Aguilera (SBN 192390)
Jason Y. Chao (SBN 250735)
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (714) 384-6500
Facsimile: (714) 384-6501
eaguilera@bmkalaw.com
jchao@bmkalaw.com

E-filing

Attorneys for Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and ST. PAUL MERCURY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation<br><br>Plaintiff,<br><br>vs.<br><br>CENTEX HOMES, a Nevada partnership; and DOES 1 through 10 inclusive,<br><br>Defendant. | Case No. CV 10 2757 JCS<br><br>**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S AND ST. PAUL MERCURY INSURANCE COMPANY'S COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF; AND**<br><br>**(2) INJUNCTIVE RELIEF** |

For its claims against Defendants Centex Homes and Does 1 through 10, Plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and ST. PAUL MERCURY INSURANCE COMPANY (collectively referred to as "Plaintiffs") allege as follows:

## JURISDICTION

1. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut. Travelers is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff ST. PAUL MERCURY INSURANCE COMPANY ("St. Paul") is now, and at all relevant times was, a corporation, existing under the laws of the State of Minnesota. St. Paul is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

3. Plaintiffs are informed and believe and thereon allege that Defendant Centex Homes ("Centex" or "Defendant"), is, a partnership, existing under the laws of the State of Nevada. Plaintiffs are further informed and believe and thereon allege that Centex is, and at all times relevant was, a home builder doing business in the State of California.

4. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiffs are unaware of the true names and capacities of said DOE defendants. Plaintiffs will amend this Complaint to reflect the true names when the same are ascertained. Plaintiffs are informed and believe and thereon allege that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

5. The amount in controversy exceeds $75,000, and represents fees and costs sought by Defendant Centex from Plaintiffs in connection with its defense and indemnification in two separate lawsuits.

6. This Court has diversity jurisdiction as Plaintiffs are domiciled in

Connecticut and Minnesota and the Defendant is domiciled in Nevada.

## VENUE

7. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Action is pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

### A. Insurance Policies

8. Travelers issued commercial general liability policy number TJ GLSA-450J0461-TIL, effective 2/8/03 through 3/1/04, under which American Woodmark was a named insured (hereinafter referred to as the "American Woodmark Policy"). Under the terms of the American Woodmark Policy, Travelers was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the American Woodmark Policy, the insured and additional insureds are mandated to cooperate with Travelers with regard to all aspects of its coverage, including any defense afforded under the policy.

9. Travelers issued commercial general liability policy number 680-359Y8564-TIL, effective 8/1/02 through 8/1/03 under which Foremost Superior Marble was a named insured (hereinafter referred to as the "Foremost Superior Marble Policy "). Under the terms of the Foremost Superior Marble Policy, Travelers was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the Foremost Superior Marble Policy, the insured and additional insureds are mandated to cooperate with Travelers with regard to all aspects of its coverage, including any defense afforded under the policy.

10. St. Paul issued commercial general liability policy number CK08100959, effective 10/1/03 to 5/31/05, and policy number GL08101434, effective 6/1/06 to

6/1/08, under which Ad Land Venture was a named insured (hereinafter referred to as the "Ad Land Policies"). Pursuant to various endorsements attached to the Ad Land Policies, certain described persons or entities would qualify as insureds under the Ad Land Policies, but only with respect to covered injury or damage resulting from Ad Land Venture's "work" as defined in the relevant policies.

### B. The Agles Action

11. On March 20, 2009, Defendant Centex was sued by owners of twenty-nine (29) single family homes located in the Empire Ranch Village and The Parkway Subdivision of Folsom, Sacramento County. The lawsuit is entitled Agles et al. v. Centex Homes et al., Sacramento Superior Court Case No. 34-2009-00038327 (hereinafter referred to as the "Agles Action"). The complaint in the Agles Action alleges claims against the defendants for (1) strict products liability (two counts), (2) violation of business standards as set forth in California Civil Code § 896, (3) breach of implied warranty, (4) negligence, (5) breach of contract and (6) breach of express warranty.

12. On May 13, 2009, Centex, by and through its legal representative Newmeyer & Dillion, tendered the Agles Action as an additional insured under the Foremost Superior Marble Policy, the American Woodmark Policy, and the Ad Land Policies. Within the tenders, Centex claimed that to the extent any home is involved in the lawsuit and falls within the Centex Homes Partnership Program Residential Wrap-Up ("CHPP"), Centex would not seek defense or indemnity contributions.

13. After conducting an investigation, Travelers accepted Defendant Centex's tender as an additional insured under the Foremost Superior Marble Policy and the American Woodmark Policy, subject to a full reservation of rights. Under its full reservation of rights, Travelers stated that it would only pay its proportionate share of any covered indemnity obligation and/or reasonable defense fees and costs, for issues specific to the instant action, less any amounts attributable to plaintiffs whose claims do not fall within the bounds of coverage afforded by the policy. With

regard to the Ad Land Policies, St. Paul denied Defendant Centex's tender based upon the fact that Centex does not qualify as an additional insured for the Agles Action under the Ad Land Policies. St. Paul is informed and believes that Centex disputes St. Paul's denial.

14. On September 28, 2009, Travelers emailed Centex's counsel requesting information related to their billing rates, information regarding Centex's primary policies and information regarding the CHPP carrier and whether tender was already made.

15. On September 30, 2009, Centex's counsel informed Travelers that it would not disclose to Travelers the identity of the CHPP policy because it was irrelevant to Travelers' coverage position.

16. On March 10, 2010, Travelers informed Centex that it was asserting its right to retain counsel of its own choosing and informed Centex that the law firm of Robinson & Wood would be taking over the defense of Centex in the Agles Action. In addition, Travelers warned Centex that refusing to provide Travelers with information relating to the CHPP policy was a breach of its duty of cooperation under the Foremost Superior Marble Policy and the American Woodmark Policy and again reiterated its demand that Centex produce the CHPP policy.

17. On April 6, 2010, Centex's counsel informed Travelers that Robinson & Wood was not authorized to represent Centex in any capacity. In addition, Centex again failed to produce the CHPP policy. Instead, Centex's counsel forwarded a questionnaire for Travelers to complete. Within the questionnaire, Centex alluded to its belief that it is entitled to choose its own counsel and entitled to independent counsel pursuant to Civil Code § 2860.

18. On April 21, 2010, the Robinson & Wood law firm forwarded a correspondence to Centex's counsel seeking to associate as counsel into the Agles action. To date, Centex has refused to let the Robinson & Wood law firm associate into the Agles action.

5
COMPLAINT

### C. The Allie Action

19. On or about April 14, 2009, Defendant Centex was sued by 46 single family homeowners in an action entitled Vickie Allie, et al. v. Centex Homes et al., Sacramento Superior Court Case No. 34-2009-00034504 (hereinafter referred to as the "Allie Action"). The complaint in the Allie Action alleges claims against the defendants for (1) strict products liability, (2) violation of business standards as set forth in California Civil Code § 896, (3) breach of implied warranty, (4) negligence and (5) breach of express warranty.

20. On May 12, 2009, Centex, by and through its legal representative Newmeyer & Dillion, tendered the Allie Action as an additional insured under the American Woodmark Policy. Within the tender, Centex claimed that to the extent any home is involved in the lawsuit and falls within the Centex Homes Partnership Program Residential Wrap-Up ("CHPP"), Centex would not seek defense or indemnity contributions.

21. After conducting an investigation, Travelers accepted Defendant Centex's tender as an additional insured to the American Woodmark Policy, subject to a full reservation of rights. Under its full reservation of rights, Travelers stated that it would only pay its proportionate share of any covered indemnity obligation and/or reasonable defense fees and costs, for issues specific to the instant action, less any amounts attributable to plaintiffs whose claims do not fall within the bounds of coverage afforded by the policy.

22. On December 3, 2009, Travelers discovered that according to the billing summary from Newmeyer & Dillion, the three additional insured carriers were paying for Centex's entire defense, including the homes that fell within the CHPP policy.

23. On December 4, 2009, Travelers sent an email to Centex's counsel, Gary Barrera, requesting a copy of the CHPP policy and requested the status of the CHPP carrier picking up the defense for the houses related to the homes under the CHPP policy.

24. On December 17, 2009, Centex's counsel informed Travelers that it would not provide Travelers with a copy of its CHPP policy because it was irrelevant to Travelers' duty to defend Centex and that Travelers owed Centex an immediate, full and complete defense of all claims in the case.

25. On March 4, 2010, Travelers informed Centex that it was asserting its right to retain counsel of its own choosing and informed Centex that the law firm of Burch & Cracchiolo would be taking over the defense of Centex in the Allie Action. In addition, Travelers warned Centex that refusing to provide Travelers with information relating to the CHPP policy was a breach of its duty of cooperation under the American Woodmark Policy and again reiterated its demand that Centex produce the CHPP policy.

26. On April 6, 2010, Centex's counsel informed Travelers that Burch & Cracchiolo was not authorized to represent Centex in any capacity. In addition, Centex again failed to produce the CHPP policy. Instead, Centex's counsel forwarded a questionnaire for Travelers to complete. Within the questionnaire, Centex alluded to its belief that it is entitled to choose its own counsel and entitled to independent counsel pursuant to Civil Code § 2860.

27. On May 14, 2010, the Burch & Cracchiolo law firm forwarded a correspondence to Centex's counsel seeking to associate as counsel into the Allie action. To date, Centex has refused to let the Burch & Cracchiolo law firm associate into the Allie action

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

**(By Plaintiffs Travelers and St. Paul Against Defendant Centex and Does 1 through 10)**

### Count One

28. Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth

herein.

29. An actual, present, and justiciable controversy has arisen and now exists between Travelers, on the one hand, and the Defendant Centex on the other, concerning Travelers' rights, duties, and obligations under the American Woodmark Policy.

30. Travelers contends that under the American Woodmark Policy, it has the right to control the defense of Defendant Centex in the Agles and Allie Actions and therefore, has the right to appoint counsel of its own choosing. Travelers also contends that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860. Travelers finally contends that Defendant Centex's refusal to supply Travelers with a copy of the CHPP wrap policy and its refusal to allow the Robinson & Wood and Burch & Cracchiolo law firms to represent Centex in the Agles and Allie Actions, respectively, is a breach of its duty to cooperate under the American Woodmark Policy.

31. Travelers is informed and believes, and based thereon alleges that Defendant Centex believes it has a right to control its own defense, is entitled to independent counsel pursuant to California Civil Code § 2860 under the American Woodmark Policy and does not have to cooperate with Travelers with regard to its defense in the Agles and Allie Actions.

32. Travelers has no complete and adequate remedy at law to resolve these disputes. Travelers seeks a judicial resolution of the controversy and a declaration that Travelers has the right to control the defense of Centex in the Agles and Allie Actions, that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860 and that Defendant Centex's refusal to supply Travelers with a copy of the CHPP wrap policy and its refusal to allow the Robinson & Wood and Burch & Cracchiolo law firms to represent Centex in the Agles and Allie Actions was a breach of its duty to cooperate under the American Woodmark Policy.

8
COMPLAINT

33. By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between Travelers and Defendant may be determined under the provisions of the applicable policies of insurance.

**Count Two**

34. Travelers hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

35. An actual, present, and justiciable controversy has arisen and now exists between Travelers, on the one hand, and the Defendant on the other, concerning Travelers' rights, duties, and obligations under the Foremost Superior Marble Policy.

36. Travelers contends that under the Foremost Superior Marble Policy, it has the right to control the defense of Defendant Centex in the Agles Action and therefore, has the right to appoint counsel of its own choosing. Travelers also contends that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860. Travelers finally contends that Defendant Centex's refusal to supply Travelers with a copy of the CHPP wrap policy and its refusal to allow the Robinson & Wood law firm to represent Centex in the Agles Action is a breach of its duty to cooperate under the Foremost Superior Marble Policy.

37. Travelers is informed and believes, and based thereon alleges that Defendant Centex believes it has a right to control its own defense, is entitled to independent counsel pursuant to California Civil Code § 2860 under the Foremost Superior Marble Policy and does not have to cooperate with Travelers with regard to its defense in the Agles Action.

38. Travelers has no complete and adequate remedy at law to resolve these disputes. Travelers seeks a judicial resolution of the controversy and a declaration that Travelers has the right to control the defense of Centex in the Agles Action, that

Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860 and that Defendant Centex's refusal to supply Travelers with a copy of the CHPP wrap policy and its refusal to allow the Robinson & Wood law firm to represent Centex in the Agles Action was a breach of its duty to cooperate under the Foremost Superior Marble Policy.

39. By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between Travelers and Defendant may be determined under the provisions of the applicable policy of insurance.

**Count Three**

40. St. Paul hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

41. An actual, present, and justiciable controversy has arisen and now exists between St. Paul, on the one hand, and the Defendant on the other, concerning St. Paul's rights, duties, and obligations under the Ad Land Policies.

42. St. Paul contends that Centex does not qualify as an additional insured under the Ad Land Policies and that St. Paul has no duty to defend and/or indemnify Centex under the Ad Land Policies with respect to the Agles Action.

43. St. Paul is informed and believes, and based thereon alleges that Defendant Centex believes that St. Paul has a duty to defend and/or indemnify Centex under the Ad Land Policies with respect to the Agles Action.

44. St. Paul has no complete and adequate remedy at law to resolve these disputes. St. Paul seeks a judicial resolution of the controversy and a declaration that Centex does not qualify as an additional insured under the Ad Land Policies and that St. Paul has no duty to defend and/or indemnify Centex under the Ad Land Policies with respect to the Agles Action.

45. By reason of the foregoing, a declaratory judgment is both proper and

necessary, so that the respective rights, duties, and obligations as between St. Paul and Defendant may be determined under the provisions of the applicable policies of insurance.

## SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF

**(By Plaintiff Travelers Against Defendant Centex and Does 1 through 10)**

46. Travelers hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

47. Beginning on or about April 6, 2010, Defendant Centex wrongfully and unlawfully refused to allow the Robinson & Wood and Burch & Cracchiolo law firms to represent Defendant Centex in the Agles and Allie Actions. Such conduct was a breach of its duty to cooperate under the American Woodmark Policy and the Foremost Superior Marble Policy.

48. Travelers has informed Defendant Centex that its refusal to allow the Robinson & Wood and Burch & Cracchiolo law firms to represent Centex in the Agles and Allie Actions was a breach of its duty to cooperate under the American Woodmark and Foremost Superior Marble insurance policies.

49. Defendant Centex has refused and still refuses to refrain from its wrongful conduct.

50. Defendant Centex's wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Travelers as it will not be allowed to properly defend Centex and Travelers will be required to expend more money than is necessary for the defense of Centex.

51. Travelers has no adequate remedy at law for the injuries as the underlying litigation is already ongoing and Defendant Centex continues to refuse to allow Travelers its contractual right to appoint the counsel of its choosing. If Defendant Centex's wrongful conduct is allowed to continue, it will be impossible for

Travelers to determine the precise amount of damage that it will suffer if Centex's conduct is not restrained.

52. As a proximate result of Centex's wrongful conduct, Travelers has been damaged in an amount to be determined by the trier of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For a declaration of this Court that Travelers has the right to control the defense of Centex in the Agles and Allie Actions, that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860 and that Defendant Centex's refusal to supply Travelers with a copy of the CHPP wrap policy and its refusal to allow the Robinson & Wood and Burch & Cracchiolo law firms to represent Centex in the Agles and Allie Actions was a breach of its duty to cooperate under the American Woodmark Policy.

2. For a declaration of this Court that Travelers has the right to control the defense of Centex in the Agles and Allie Actions, that Defendant Centex is not entitled to the appointment of independent counsel under California Civil Code § 2860 and that Defendant Centex's refusal to supply Travelers with a copy of the CHPP wrap policy and its refusal to allow the Robinson & Wood law firm to represent Centex in the Agles Action was a breach of its duty of cooperate under the Foremost Superior Marble Policy.

3. For a declaration of this Court that Centex does not qualify as an additional insured under the Ad Land Policies and that St. Paul has no duty to defend and/or indemnify Centex under the Ad Land Policies with respect to the Agles Action.

4. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as set forth in this complaint, during the pendency of this action;

5. For a temporary restraining order, a preliminary injunction, and a

permanent injunction, all enjoining Defendant Centex, and its agents, servants, and employees, and all persons acting under, in concert with, or for it from denying the Robinson & Wood and Burch & Cracchiolo law firms from representing Centex in the Agles and Allie Actions pursuant to the American Woodmark and Foremost Superior Marble insurance policies;

    6.    For attorneys' fees and costs;

    7.    For prejudgment interest;

    8.    For costs of suit herein; and

    9.    For such other and further relief as this Court deems just and proper.

Dated: June 21, 2010        **BOHM, MATSEN, KEGEL & AGUILERA, LLP**

By: *[signature]*

A. Eric Aguilera, Esq.
Jason Chao, Esq.

Attorneys for Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and ST. PAUL MERCURY INSURANCE COMPANY